PATERSON SASH AND DOOR COMPANY, PLAINTIFF-RE-SPONDENT, v. MICHAEL LOSCALZO ET AL., DEFEND-ANTS-APPELLANTS.

Submitted May 16, 1930—Decided December 12, 1930.

Before Justices CASE, DALY and DONGES.

For the appellants, *Hooker I. Coggeshall.*

PER CURIAM.

This appeal brings up a judgment of the Fourth Judicial District Court of Bergen county in a mechanics' lien suit brought by the plaintiff against the defendant Jenson, as builder, and against Michael Loscalzo and his wife, as owners. The trial court found in favor of the plaintiff and entered judgment for $93.24 generally against Jenson and especially against the property of the defendants Loscalzo. A single question is involved in this case, namely, whether a failure

to particularly describe the lands on which the defendants Loscalzo were erecting a house in a contract with the builder, which was filed before work began, deprives the owners of the benefit of section 2 of the Mechanics' Lien act.

It is admitted that the contract was filed in the county clerk's office of the county in which the building is situate. The reference to the building is as follows: "Building to be erected on the lands of the owner described as follows: A six-room family house according to the drawing and specifications for six-room house made by Charles O. Karlson and copies of said specifications are hereto annexed." It is admitted that the appellants owned the one plot of ground on which the building is located and no other. The trial judge found as a matter of law that the contract was insufficient to give the appellants the benefit of the statute solely on the ground that the contract did not contain a sufficient description of the property.

With this conclusion we disagree. The statute in question does not require either expressly or by implication a description of the land upon which the building is to be erected. What the statute requires is that the contract shall be filed in the office of the county clerk, and not in the office of the register of deeds, if one exist, or in the office of the county clerk in the records in which transfers of title to land are recorded. Obviously, therefore, the purpose of the statute in giving notice is accomplished when one may go to the clerk's office and find a contract between the parties in question. Thereafter the intending materialman or laborer is required to ascertain whether the contract in fact refers to the building in which he may be interested. The proceeding is entirely statutory and it seems to us it would be a hardship and a strained construction to say that the contract must contain a definite and particular description of the lands in question.

The judgment is reversed.